FILED

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

98 NOV 20 PM 2: 29

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| **LIEUTENANT DUKES, JR.,** | } |
| **Plaintiff,** | } |
| v. | } CASE NO. CV 98-B-0353-S |
| **UNITED STATES POSTAL SERVICE, OFFICE OF WORKERS COMPENSATION, MARVIN RUNYON, CAROL YARBRO, and JEAN PREWITT,** | } |
| **Defendants.** | } |

ENTERED
NOV 20 1998

## MEMORANDUM OPINION

This case is before the court on the Motion to Dismiss and Supplemental Motion to Dismiss filed by defendants. By Order of the court entered September 8, 1998, this court stated that it would treat defendants' Motion to Dismiss as a Motion for Summary Judgment. The court further stated in the Order that the plaintiff had until October 1, 1998, to respond to the defendants' Motion. The plaintiff did not file a response to the defendants' motion. Upon consideration of the record, the submission of the defendants, and the relevant law, the court is of the opinion that defendants' motion is due to be granted.

Under FED. R. CIV. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. V. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of his

18

case on which he bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23; *see* FED. R. CIV. P. 56(a) and (b). Once the party has met its burden, Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if summary judgment is otherwise appropriate.

Applying the standards governing summary judgment to the facts of this case, the court concludes that there is no genuine issue as to any material fact, and defendants are entitled to a judgment as a matter of law. Plaintiff has not come forward with **any** evidence, much less evidence showing a dispute as to any factual contention. Thus, plaintiff has failed to meet his burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex*, 477 U.S. at 324. Consequently, the court holds that defendants' Motion for Summary Judgment is due to be granted.

An Order and Judgment in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 20th day of November, 1998.

SHARON LOVELACE BLACKBURN
United States District Judge